249 So.2d 556

**STATE of Louisiana**

**v.**

**Cleveland HAWKINS.**

**No. 50992.**

June 28, 1971.

Rehearing Denied Aug. 12, 1971.

---

Thomas E. Johnson, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

SUMMERS, Justice.

Appellant Cleveland Hawkins was charged in a bill of information with unlawfully killing Pat. L. Scott, also known as Allen Scott, a crime denounced as manslaughter by Article 31 of the Criminal Code. He pleaded not guilty. He was tried, convicted and sentenced to serve twenty years in the State Penitentiary as a second offender. On this appeal he relies on two bills of exceptions.

Bill No. 1 was reserved when, during the trial, counsel for the State asked Doctor John M. Fillipone to tell whether records of the Charity Hospital in New Orleans "show any further treatment of this man Allen Scott (the victim)." We note parenthetically that the record does not support the assertion in the bill of exceptions that Dr. Fillipone had previously testified that he was not at all certain about the records that he was asked to testify about. He did testify, however, that he did not make the entry in the record himself. When the question was asked defense counsel objected, the objection was overruled and this bill was reserved.

Because Dr. Fillipone was a member of the staff of Charity Hospital, was qualified as a medical expert and had administered first aid treatment to the victim (Allen Scott) after he had been brutally beaten and kicked by appellant; he was qualified to testify from the medical record of Allen Scott whether other treatment had been administered, and whether he administered the treatment or not. The question simply called for the interpretation of the victim's medical record. Such testimony being within the realm of the doctor's ex-

pertise and concerning which he was qualified to express an opinion.

■ The conclusion is further supported by the fact that Allen Scott's medical record had previously been introduced in evidence by the State without objection, and the "further treatment" concerning which Dr. Fillipone had been questioned had previously been described by two other doctors. Dr. Fillipone's testimony on the subject, therefore, would be merely cumulative and corroborative of a fact which had previously been well established.

This bill is without merit.

■ The second bill was reserved when the trial court overruled a motion to set aside the guilty verdict rendered against appellant and for a new trial. The motion was predicated upon an allegation that the testimony of one Eula Dillon would support a conclusion that appellant was sufficiently provoked and took violent action against Allen Scott in order to protect his well-being.

In denying the motion for a new trial at the conclusion of an evidentiary hearing the trial judge in a per curiam to the bill expressed the opinion that he felt the witness' testimony was merely cumulative and, if believed by the jury, would have in no way altered the verdict. We agree with this conclusion.

Eula Dillon testified that just prior to the beating appellant administered to the victim outside a barroom, appellant and the victim Scott were seated at a table with other people when an argument ensued between them. Scott acted like he had a knife in his pocket, and was walking around the table saying he was afraid of no one, telling appellant he could take him with his fists. On cross-examination the witness conceded that she had not seen a scuffle and that she thought Scott had a knife only because he kept his hand in his pocket. The witness also admitted that she could identify no one else who witnessed the occurrence.

To counter the notion that appellant acted in self-defense or on the basis of provocation, the record establishes that two policemen were eyewitnesses to the fact that appellant knocked Scott to the ground and, as he lay there unconscious, appellant kicked him violently numerous times about the head and body.

There is no merit to this bill.

The conviction and sentence are affirmed.